UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN S. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:15-CV-005 JD |
| | ) |
| WILLIAM WILSON, PAM BANE, | ) |
| and ROBERT HOUGH, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Kevin S. Turner, a *pro se* prisoner, filed this case against William Wilson, Pam Bane, and Robert Hough alleging that they failed to protect him from attack by another inmate at the Indiana State Prison in 2012. This is not the first time that Turner has raised this claim. In *Turner v. Indiana Department of Corrections*, 3:13-CV-198 (N.D. Ind. filed March 13, 2013), Turner sued the Indiana Department of Correction, Pam Bane, and Robert Hough based on these same events. That case was dismissed without prejudice on May 1, 2013, after Turner wrote two letters to the court stating that he wanted to re-file the claim in State court. DE 1-1 at 4-7.

Though he does not say that he re-filed the claim in State court, he has attached an order from the Court of Appeals of Indiana denying his petition for rehearing in *Turner v. Indiana Department of Correction*, 49A02-1405-CT-346 (Ind. Ct. App. Order dated August 22, 2014). That order states that the underlying State court proceeding was *Turner v. Indiana Department of Corrections*, 49D06-1311-CT-40461 (Marion Superior Court filed November 5, 2013). The docket sheet for that case is a public record which is available on the Indiana Courts Odyssey Case Management System website. *See* http://mycase.in.gov/default.aspx. The docket sheet for that case shows the defendants in that case were Pam Bane, Robert Hough, Indiana Department

of Corrections, Bruce Lemmon, and Bill Wilson. It also shows that a hearing was held on the defendants' motion to dismiss, it was granted on March 19, 2014, and the case was dismissed "with prejudice for failure to state a claim upon which relief may be granted." *Id.*

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Because the prior case was litigated in the Marion Superior Court, Indiana law determines whether the present action is barred by res judicata. *See* 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic,* 470 U.S. 373, 380 (1985). Under Indiana law, four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *MicroVote General Corp. v. Indiana Election Com'n,* 924 N.E.2d 184, 191 (Ind. Ct. App. 2010).

Here, the first element of that test is met because the Marion Superior Court had jurisdiction over both State and federal claims. *See Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d

896, 901 (7th Cir. 2010) ("State courts possess not only the authority but also the duty to enforce federal law."). The second element is met because the Marion Superior Court dismissed the case with prejudice for failure to state a claim and entered a final appealable judgment. The fourth element is met because the defendants in this case were also defendants in the State court case.

This leaves the third element. Turner has not explained or documented what events gave rise to the case he filed in the Marion Superior Court. It is the underlying factual basis for his claims that matter – rather than the legal theories asserted – because "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations [because] for purposes of res judicata a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (quotation marks, brackets, and citations omitted). *See also MicroVote General Corp.* (Res judicata applies if the matter was, or could have been, determined in the prior action.) Thus, even if Turner is now trying to assert different legal theories based on the defendants' failure to protect him in 2012, this case is barred by res judicata if he previously litigated any claims arising out of those operative facts. Here, Turner dismissed his previous federal lawsuit based on these events because he wanted to re-file those claims in State court. He then filed a lawsuit against the same defendants in the Marion Superior Court. That case was dismissed on the merits for failure to state a claim. Finally, he attached to the complaint in this case a copy of an order related to his appeal of the Marion Superior Court case. Based on these facts, it would not be reasonable to conclude that the Marion Superior Court case was unrelated to this proceeding. Though the court would not normally infer that a plaintiff had brought a previous lawsuit based on the same operative facts, Turner's litigation history makes that the reasonable

inference in this case. However, before proceeding with this case, the court will permit Turner the opportunity to clarify the issues raised in this opinion by filing an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the foregoing reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank 42 U.S.C. § 1983 Prisoner Complaint form and send it to Kevin S. Turner;

(2) **GRANTS** Kevin S. Turner, until June 25, 2015, to file an amended complaint; and

(3) **CAUTIONS** Kevin S. Turner, that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: May 21, 2015

                    /s/ JON E. DEGUILIO
Judge
United States District Court