UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEVIN S. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:15-CV-005 JD |
| | ) | |
| WILLIAM WILSON, PAM BANE, | ) | |
| and ROBERT HOUGH, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Kevin S. Turner, a *pro se* prisoner, filed an amended complaint against William Wilson, Pam Bane, and Robert Hough alleging that they failed to protect him from attack by another inmate at the Indiana State Prison in 2012. This is not the first time that Turner has raised this claim. In *Turner v. Indiana Department of Corrections*, 49D06-1311-CT-40461 (Marion Superior Court filed November 5, 2013), Turner sued these same three defendants and two others based on these same events. DE 17 at 23-28. That complaint raised both federal and state claims. It was dismissed with prejudice on March 19, 2014. DE 17 at 65-66. Turner's appeal was dismissed on July 25, 2014, and his petition for rehearing was denied on August 22, 2014. DE 1-1 at 12.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve

judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Because the prior case was litigated in the Marion Superior Court, Indiana law determines whether the present action is barred by res judicata. *See* 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic,* 470 U.S. 373, 380 (1985). Under Indiana law, four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *MicroVote General Corp. v. Indiana Election Com'n,* 924 N.E.2d 184, 191 (Ind. Ct. App. 2010).

Here, the first element of that test is met because the Marion Superior Court had jurisdiction over both State and federal claims. *See Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901 (7th Cir. 2010) ("State courts possess not only the authority but also the duty to enforce federal law."). The second element is met because the Marion Superior Court dismissed the case with prejudice for failure to state a claim and entered a final judgment which was not overturned on appeal. DE 17 at 65-66 and DE 1-1 at 12. The third element is met because Turner brought federal claims arising out of the same events he is suing about in this case and any other federal claims could have been included as well. DE 17 at 1-9 and 23-28. The fourth element is met because the defendants in this case were also defendants in the State court case. *Id.*

Turner argues that the State court's adjudication of his case was an abuse of discretion that was both substantively and procedurally incorrect. However, under the *Rooker-*

2

*Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). In essence, the doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and it applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* Thus, this court cannot review the judgment rendered by the State court in Turner's case.

Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Here, it is malicious to sue the same defendants again after losing in State court. It is legally frivolous to ask this court to review the State court judgment. Therefore this case will be dismissed as frivolous and malicious.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A as frivolous and malicious.

SO ORDERED.

ENTERED: June 15, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court